**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SARAH NATOLI and FELICIA COUTO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>-against-<br><br>HYGEIA INTEGRATED HEALTH LLC, MY THERAPIST LCSW PLLC, DENISE FOULKES, and MICHAEL HARGROVE,<br><br>                Defendants. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs SARAH NATOLI and FELICIA COUTO on behalf of themselves and all others similarly situated (hereinafter, collectively, "Plaintiffs"), employees currently or formerly employed by HYGEIA INTEGRATED HEALTH, LLC ("Hygeia"), MY THERAPIST LCSW PLLC ("My Therapist"), DENISE FOULKES ("Ms. Foulkes"), and MICHAEL HARGROVE ("Mr. Hargrove") (hereinafter, collectively, "Defendants") by and through their attorneys, Gerstman Schwartz LLP allege as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs were long-term, non-exempt employees employed by Defendants, and subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq*., and the New York Labor Law ("NYLL").

2.      Plaintiffs bring this action on behalf of themselves and all others similarly situated seeking unpaid wages and unpaid overtime wages based upon Defendants' violations of the FLSA, the NYLL, and the supporting New York State Department of Labor regulations, as well as liquidated damages and statutory penalties for violations of NYLL 195(1) and (3).

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 et. seq., and U.S.C. § § 1331.

4.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5.      Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants Hygeia and My Therapist maintain their principal places of business in, do business in, and reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

6.      Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7.      Named Plaintiff Sarah Natoli is a resident of the State of New York, County of Westchester.

8.      Named Plaintiff Felicia Couto is also a resident of the State of New York, County of Westchester.

9.      At all times relevant herein, Plaintiffs were "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

10.     Defendants employed Ms. Natoli as a Practice Manager from in or about July 2019 until approximately August 2020.

11.     Defendants employed Ms. Couto as a Practice Assistant from in or about June 2018 until August of 2019.

12.     Defendant Hygeia is a New York Domestic Business Corporation with its principal place of business located at 3505 Hill Blvd Unit K, Yorktown Heights, New York 10598.

13.     Defendant My Therapist is a New York Domestic Business Corporation with is principal place of business located at 3505 Hill Blvd Unit K, Yorktown Heights, New York 10598.

14.     Defendant Ms. Foulkes is the owner, co-founder, chief executive officer, manager and/or operator of Defendants Hygeia and My Therapist.

15.     Defendant Mr. Hargrove is also the owner, co-founder, chief executive officer, manager and/or operator of Defendants Hygeia and My Therapist.

16.     Defendants operate Defendants Hygeia and My Therapist as a single integrated enterprise, under the control of their owners, individual Defendants Ms. Foulkes and Mr. Hargrove. (Annexed herein as **Exhibit A** is a screen shot showing that Defendants Hygeia and My Therapist are marketed jointly on a single common website).

17.     At all relevant times herein, Defendants Ms. Foulkes and Mr. Hargrove have and exercised the power to hire, fire, and control the wages and working conditions of the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

18.     At all times relevant herein, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

19.     At all times relevant herein, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) (s).

20.     At all times relevant herein, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the

meaning of the FLSA , 29 U.S.C. §§ (206)a and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21.     At all times relevant herein, Defendants employed Plaintiffs and the FLSA Collective Plaintiffs within the meaning of the FLSA.

22.     At all times relevant herein, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as a non-exempt employee during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs."

24.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties, and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premiums for all hours worked in excess of 40 hours per workweek. The claims of the Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

25.     Other non-exempt employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.

Certifying this action as a collective action under the FLSA will provide other employees with notice of the action and allow them to opt in to this action if they so choose.

26.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

27.     Plaintiffs bring the Second, Third, and Fourth Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, illegal/unauthorized deductions, statutory penalties, liquidated damages, and other damages on behalf of all individuals employed in the State of New York by Defendants as non-exempt employees at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

28.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under FRCP Rule 23.

29.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the

Court. While the precise number of such persons is unknown to the Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least 40 members of the Class.

30.     Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for overtime hours worked as required by 12 NYCRR § 142-2.2, and that Defendants took illegal/unauthorized deductions from their pay, and that Defendants failed to provide them with proper notices and wage statements as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

31.     As fellow employees of Defendants, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

32.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs have retained Randy Kleinman, Esq., a competent and experienced employment litigator.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34.     Upon information and belief, employees of Defendants in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating

or reducing these risks.

35.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including, (a) whether Defendants required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for all hours worked as required by 12 NYCRR § 142- 2.2; (b) whether Defendants provided Class Members with the notices required by NYLL § 195(1); (c) whether Defendants provided Class Members with sufficiently detailed wage statements as required by NYLL § 195(3); and (d) whether Defendants took illegal/unauthorized deductions from the Class Members' wages.

36.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## **FACTUAL ALLEGATIONS**

37.     Defendants operate a social and emotional wellness center that provides an integrated approach to health care that incorporates, *inter alia*, Behavior Health, Psychopharmacology, Biofeedback, Massage Therapy and more.

38.     Defendants service patients and have an office in New York.

39.     Defendants' principal place of business is located in Westchester County at 3505 Hill Blvd Suite K New York, NY 10598.

40.     At all times relevant herein, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members as non-exempt employees.

41.     Defendants assigned Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to perform the following duties: maintaining a well-organized and friendly patient environment, answering phone and emails and returning messages, organizing and

filing patient charts, scheduling patients and updating their information into the system, in-taking new patients; collection and data entry of demographic information, financial, and insurance information, verification of patients' insurance eligibility and processing copayments, collecting of copays and past due balances, creating and enforcing policies which generate revenue, completing prior authorization requests, managing office supplies and inventory, collecting and sorting mail, assisting in processing of payroll, overseeing reception staff, creating employee schedules based on office needs, and conducting new hire interviews, followed by on the job training if hired.

42.    Defendants exercised extensive control over the manner in which Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members conducted their work.

43.    At all times relevant herein, Defendants' premises and equipment were used for Plaintiffs', the FLSA Collective Plaintiffs', and the Class Members' work.

44.    At all times relevant herein, Plaintiffs worked exclusively for Defendants.

45.    Throughout their employment, Defendants assigned Plaintiffs to maintain a well-organized and friendly patient environment, answer phones and emails and return messages in a professional and timely manner, organize and file patient charts, schedule patients and update their information into the system, intake of new patients; collection and data entry of complete and accurate demographic, financial, and insurance information, verification of patient's insurance eligibility and processing copayments, collection of copays and past due balances, creation and enforcement policies which generate revenue, complete prior authorization requests, manage office supplies and inventory, collect and sort mail, assist in payroll needs, oversee reception staff, create employee schedules based on office needs, and conduct new hire interviews, followed by on the job training.

46.     Defendants regularly scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work six days a week. Occasionally—during Defendants' busy season—Plaintiffs and others similarly situated worked seven days a week.

47.     At all times relevant herein, Defendants paid Plaintiff NATOLI a salary of $800 per week, and Plaintiff COUTO a salary of approximately $750 per week.

48.     Plaintiffs and the other FLSA Collective Plaintiffs and the Class Members regularly worked between 60 and 80 hours per week or more.

49.     Defendants failed to pay Plaintiffs, and the other FLSA Collective Plaintiffs and the Class Members, overtime premiums for hours worked beyond 40 hours per week.

50.     Although Plaintiffs were scheduled for 40 hours per week, their regular hours on a week-to-week basis were far greater.

51.     Given that Defendants assigned so much work to Plaintiffs, Plaintiffs regularly had to work until 10:00 p.m. or later to finish their work. Several times a month Plaintiffs worked until 1:00 a.m. or later.

52.     On Mondays and Wednesdays, when Defendants would have additional psychiatrist providers scheduled, Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members had to start work at 9:00 a.m. and would work through their last psychotherapy session at 10:00 p.m. Likewise, on Thursdays and Fridays, Defendants would have Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members work at least 10-hour shifts. Moreover, on Saturdays, Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members had to work nine-hour shifts, and on Sundays, they would occasionally work five-hour shifts.

53.     Defendants failed to pay Plaintiffs for work performed in excesses of 40 hours,

and/or failed to pay Plaintiffs the proper overtime premiums.

54.     Due to their heavy workload, Plaintiffs were unable to take any meal breaks during their workday, except for an occasional bite to eat while juggling emails and answering the office phones.

55.     Defendants and Defendants' management knew that Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly worked past the end of their shifts without being paid for the extra time, and/or proper overtime premiums.

56.     Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly worked over 40 hours per workweek.

57.     Despite Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly working in excess of 40 hours per week, Defendants failed to pay them overtime premiums as required by law.

58.     Defendants did not properly compensate Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members at the lawful overtime rates of one and one-half times their regular hourly rates of pay as required by law for all hours worked in excess of 40 hours per week.

59.     Defendants failed to keep accurate and sufficient time records as required by Federal and New York State laws.

60.      Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

61.      Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

62.     Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

63.     Defendants' record keeping and notice violations prevented Plaintiffs, the FLSA Collective Plaintiffs, and Class Members from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

64.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week.

65.     Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

66.     Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

## **<u>FIRST CAUSE OF ACTION</u>**

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

67.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

68.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of 40 hours per workweek.

69.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for

all hours worked in excess of 40 hours per workweek.

70.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

71.     Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CAUSE OF ACTION

**(Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

72.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

73.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of 40 hours in any workweek.

74.     Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members for all hours worked and the required overtime rates for all hours worked in excess of 40 hours per workweek.

75.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

76.     Plaintiffs, on behalf of themselves and the Class Members, seek damages in the

amount of their respective unpaid wages, overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION

**(New York Labor Law – Unpaid Spread-of-Hours, Brought on Behalf of Plaintiffs Individually and the Class Members)**

77.      Plaintiffs, individually and on behalf of the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

78.      Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the class Members worked either a split shift or more than 10 hours per day, in violation of NYLL §§ 650, *et seq*., and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12 §§ 137-1.7 (2010), 146-1.6 (2012).

79.      Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

### FOURTH CAUSE OF ACTION

**(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiffs Individually and the Class Members )**

80.      Plaintiffs, individually and on behalf of the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

81.     Defendants have willfully failed to supply Plaintiffs and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiffs and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

82.     Defendants have willfully failed to supply Plaintiffs and each Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

83.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants $100 for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-d, and $50 dollars for each workweek that the violations occurred or continue to occur, or a total of

$2,500, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b); sep

(b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(c) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(d) An award of unpaid wages for all hours worked due to time-shaving due under the FLSA and NYLL;

(e) An award of compensatory damages in an amount to be determined at trial, including back pay and front pay, emotional distress, pain and suffering, and other damages to be determined;

(f) An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

(g) An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay proper overtime compensation, pursuant to 29 U.S.C. § 216;

(h) An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay overtime compensation, and compensation for all hours of work, pursuant to

the New York Labor Law;

(i) An award of prejudgment and post judgment interest, costs and expenses of this

action together with reasonable attorneys' and expert fees and statutory penalties;

(j) Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

(k) Designation of this action as a class action pursuant to F.R.C.P. 23;

(l) Designation of Plaintiffs as Representatives of the Class; and

(m) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and the Class

Members, demand a trial by jury on all causes of action and claims with respect to which

they have a right to a jury trial.

Dated: March 31, 2021

Respectfully submitted,

 */s/ Randy E. Kleinman*
Randy E. Kleinman

GERSTMAN SCHWARTZ LLP
1399 Franklin Avenue Ste 200
Garden City, New York 11530
Tel No. (516) 880-8170
Fax No. (516) 880-9171
Rkleinman@gerstmanschwartz.com

*Attorneys for Plaintiff, Proposed*
*Collective Action Plaintiffs and*
*Proposed Class Members*